The People of the State of Illinois, Plaintiff-Appellee,
v. Kenneth Triebull, Defendant-Appellant.

Gen. No. 11,849.

Third District.

February 17, 1964.

Bissonnette and Nutting, of Kankakee, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee,
for appellee.

CULBERTSON, P. J.

A complaint for the violation of Section 31–1, Chapter 38, 1961 Illinois Revised Statutes, was filed on June 8, 1962, in the Justice of the Peace Court of Harry L. Skalsky, in the Village of Bradley, Kankakee County, against defendant Kenneth Triebull, who is the appellant herein. A warrant was issued for the defendant appellant charging him with obstructing and resisting a peace officer. On July 11, 1962 this case came on for hearing in the court of said Justice of the Peace, without a jury, the defendant having waived a trial by jury. After having heard the evidence in this case the Court found defendant guilty and made the following order on his docket, "Upon hearing the testimony, the Court finds the defendant,

■■■■■■■■

Kenneth Triebull, guilty and orders him to pay a fine of $25 and costs of $5." The defendant appealed from this judgment to the Circuit Court of Kankakee County on July 24, 1962, and on May 21, 1963 a motion to dismiss and expunge from the record was filed by the defendant, and which said motion is as follows, "Comes now defendant, Kenneth Triebull, by his attorneys, Bissonnette and Nutting, and moves the Court to enter an order directing Harry Skalsky, Justice of the Peace, to enter an order dismissing the above entitled matter and finding the defendant not guilty of the charge and, further, to expunge from the record in his court any entry that might be construed as a judgment against the defendant, Kenneth Triebull, and as grounds for said motion, plaintiff states as follows: (1) That the transcript filed in this Court in said matter shows on its face that no judgment of conviction was ever entered in the Justice of the Peace Court of Harry Skalsky and that the record further discloses that nothing more than a finding was made by said Justice of the Peace; (2) That inasmuch as no valid judgment or judgment upon conviction was entered by said Justice of the Peace, Harry Skalsky, the motion of defendant should be allowed for the reason that this Court cannot proceed upon the appeal thereof by reason of the defect in the transcript of said judgment."

The appellant contends in substance, that the Circuit Court of Kankakee County had no jurisdiction to hear the appeal for the reason that no judgment was entered in the Justice of the Peace Court, and therefore, there was nothing to appeal from. In support of his contention, appellant relies on Hogue v. King, 245 Ill App 314 and Hagen v. Delatine, 254 Ill App 211. An examination of these cases discloses that they are both civil cases and are not persuasive or controlling in a criminal case. Chapter 38 of the 1961

104

Illinois Revised Statutes, has this definition of conviction (at Section 2–5 thereof), and which said Section is as follows, "Conviction means a judgment of conviction, or sentence entered upon a plea of guilty, or upon a verdict, or finding of guilty of an offense, rendered by a legally constituted jury or by a Court of competent jurisdiction authorized to try the case without a jury."

The matter before the Justice of the Peace resulted in a determination by the Court of the guilt of the defendant of the charge made against him and the Court in said determination found the defendant to be guilty in plain and unambiguous language and imposed a fine and costs upon said defendant. We believe the Court's judgment finding the defendant guilty and ordering him to pay a fine and costs is legally sufficient.

The action of the Circuit Court of Kankakee County in denying appellant's motion to dismiss and expunge from the record the judgment of the Justice of the Peace was correct and same is hereby, accordingly, affirmed.

Judgment affirmed.

SCHEINEMAN and ROETH, JJ., concur.